**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jeffrey SMITH, Defendant–Appellant.**

**No. 01–1991.**

United States Court of Appeals, Seventh Circuit.

Argued Oct. 25, 2001.

Decided Nov. 14, 2001.

Before Hon. BAUER, Hon. POSNER, Hon. TERENCE T. EVANS, Circuit Judges.

## ORDER

Jeffrey Smith and Milton Jones were indicted in the Eastern District of Wisconsin for violations of the federal firearms and narcotics laws. Smith filed a motion to suppress evidence. After a hearing, the magistrate judge recommended denying the motion, and the district court adopted that recommendation. Pursuant to a plea agreement, Smith entered a conditional plea to one count of the indictment, reserving the right to appeal the denial of his motion to suppress. He was sentenced to 84 months in prison. He now appeals the denial of his suppression motion, arguing that he was arrested without probable cause.

Special Agent Thomas Gorecki of the Wisconsin Department of Justice, Division of Narcotics Enforcement, had been investigating Smith's activities. Gorecki had information that Smith was a multi-kilogram cocaine dealer. The sources of that information were Shawn Crenshaw and a confidential informant. The issue before us is whether the information Gorecki had was sufficiently reliable to support a conclusion that probable cause existed when Smith was arrested.

Probable cause for an arrest exists when officers can reasonably believe, given all the facts and circumstances within their knowledge, that a suspect committed or was committing an offense. It is a "flexible, practical common-sense standard that is met, if the facts are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed." *United States v. Rosario*, 234 F.3d 347, 350 (7th Cir.2000), *cert. denied*, — U.S. —, 121 S.Ct. 1956, 149 L.Ed.2d 753 (2001). Information from an

informant can establish probable cause for an arrest if the information is sufficiently reliable. Reliability can be established by the informant's past record of reliability, by independent corroboration by the police, or by other means. *United States v. Rucker,* 138 F.3d 697 (7th Cir.1998). Our review of probable cause determinations is *de novo;* however, the district court's findings of fact are reviewed for clear error. We give "due weight to inferences drawn from those facts by resident judges and local law enforcement officers." *Ornelas v. United States,* 517 U.S. 690, 699, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996).

At the time of Smith's arrest, Agent Gorecki knew that Smith had a prior federal drug conviction in Milwaukee and, in addition, had at least one other felony drug conviction. He knew that Smith had very little earned income from 1997 through 1999. His reported income in 1997 was $4,810, in 1998 it was $16,752.21, and he reported no income in 1999. Yet Smith was driving expensive vehicles, including a Lexus sports utility vehicle.

■ Gorecki also had information about Smith from Crenshaw, who himself was in federal custody for dealing drugs. Crenshaw had known Smith since 1988. Smith had supplied Crenshaw with ounce quantities of cocaine in 1988 and 1989, until Smith went to prison for dealing drugs. After Smith was released in 1994 until 1996, the tables were turned and Crenshaw became Smith's supplier of multi-kilogram quantities of cocaine. Crenshaw, admittedly, had a motive for his cooperation with Gorecki: he wanted a break on his own sentence. That motive was not necessarily fatal to his reliability because the information he provided implicated himself in drug dealing, and it was corroborated by Gorecki's own investigation.

■ The confidential informant on whom Gorecki relied had known Smith for several years during which he had observed Smith's activities. A good deal of the information the informant provided was corroborated. The informant said that Smith used a Geo Storm for his drug trafficking. The informant stated that Smith used the Geo to drive large amounts of money to a location outside Wisconsin where he purchased kilogram quantities of cocaine. Smith would then fly back to Chicago while another person would drive the Geo back to Milwaukee with the cocaine hidden inside the car. The informant said Smith made approximately two of these trips a month. As corroboration, the informant provided Gorecki an American Airlines passenger receipt in the name of Jeffrey Smith, dated February 29, 2000, for a one-way flight to Midway Airport in Chicago.

The informant had been in Smith's former residence and had observed plastic wrap, a scale, and other paraphernalia which Smith used to package cocaine. In addition, the informant told Gorecki about a storage shed Smith was using. The shed was located at 46th and Woolworth Streets in Milwaukee. Gorecki obtained records from Regent Mini Storage which indicated that Smith's codefendant Jones rented unit 212 at the facility. Gorecki already had information linking Jones and Smith.

To corroborate the information from the informant, Gorecki viewed the surveillance tapes from Regent Mini Storage from April 2000 to August 2, the day of Smith's arrest. On the tapes at various times, Gorecki observed five vehicles associated with Smith at the storage unit. They were a burgundy Ford Expedition associated with Smith's mother, a black Lexus SUV, a Lexus sedan belonging to Smith's sister, a Pontiac Grand Am belonging to Jones or Jones' daughter, and a Range Rover. Gorecki had also observed all of these vehi-

cles, except the Grand Am, at Smith's residence.

In July, Gorecki installed a video camera at the storage facility. Tapes from this camera showed a Geo, a Lexus sedan, and possibly a Ford Expedition. Every day between July 20th and 30th, occupants of the vehicles went to unit 212, removed objects from the unit, and placed them in the vehicles. In one tape, Gorecki could observe a person in the unit at the back of the Geo, placing something into plastic bags, tying off the bags, and placing the bags into a larger bag. The person left with the items.

On the day of the arrest, the informant told Gorecki that Smith had learned of the investigation because someone had seen Gorecki searching garbage behind Smith's residence. The informant said that Smith had recently moved drugs and money from the storage unit to a different storage facility, Secure Mini Storage, and that Smith was at that moment driving to that facility in a black Lexus SUV to remove his drugs and money because he intended to skip town.

Gorecki went to Secure Mini Storage, and while he was there, as the informant had predicted, Smith arrived in a black Lexus SUV, the same one Gorecki had previously seen at the Regent Mini Storage facility. Smith used an access code to gain entry to the facility and then proceeded to unit 6410. Gorecki decided that he and other agents would stop Smith when he left the facility. Gorecki testified that Smith drove south on Green Bay Road, which becomes Teutonia Avenue and then 43rd Street. The speed limit on Green Bay Road is 45 miles per hour and on 43rd it is 35 miles per hour. Gorecki said that Smith continued to travel between 45 and 50 miles per hour when he reached 43rd Street and that Smith failed to signal for two lane changes. Smith's car was pulled over. Searching it, the agents found a marijuana cigarette and a small amount of marijuana. They seized the keys for both storage units, $4,449 in currency, and a key with an alarm activator/deactivator, which operated a Range Rover that was later found inside unit 6410. Although in his report Gorecki stressed the traffic violations, at the hearing the justification he gave for the stop and arrest was that there was probable cause that Smith was dealing drugs. Gorecki said that the report read as it did only because at the time he wrote it he was attempting to protect the informant.

After the arrest Gorecki obtained a search warrant for unit 6410 at Secure Mini Storage, inside which agents found a 1995 Range Rover and a receipt showing that the vehicle had been purchased for approximately $16,000. They also found personal items and receipts in the name of Jeffrey Smith. A drug-sniffing dog led them to the tailgate, where it appeared that screws had been removed several times. One screw was missing.

Other search warrants were issued for two units at Regent Mini Storage. Inside unit 212 they found the Geo, which had a secret compartment in the rear bumper where they found a duffle bag crammed with four kilograms of cocaine. They also found personal papers and mail addressed to Milton Jones, as well as a lockbox which contained cocaine packaging material and cocaine residue. When Smith was arrested he had the key to the lockbox and a key to the Geo. Pursuant to another search warrant, agents searched Smith's home where they found $132,000 in currency and three grams of cocaine.

With all this said, there really is not much to this appeal. Looking at the totality of the circumstances, we conclude that Gorecki had probable cause to arrest Smith. The confidential informant provid-

ed information (*i.e.*, things like the fact that Smith would be driving the Lexus) which checked out. Gorecki's personal observations of the comings and goings from the storage locker and the information about Smith's travels along with the information provided by Crenshaw lent credibility to the information provided by the informant. The motion to suppress was, therefore, properly denied. The judgment os the district court is AFFIRMED.